[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant's assessment of damages for the taking of the plaintiff's property at 37-39 Baldwin Street in the City of Bridgeport for the purpose of improving the layout of state highway Interstate 95, a/k/a Connecticut Turnpike.
The taking date of the property was April 18, 1996, and, as of that date, the defendant assessed the fair market value of the property at $30,000.00.
The court has before it the testimony of Philip M. Ball, appraiser for the plaintiff and Charles J. Conway, appraiser for the defendant. Both appraisers relied on market data or comparable sales in arriving at their respective fair market values, adjusting for such items as location, time, building size and condition.
The plaintiff's appraiser, Ball, used as comparables:
1. Property located at 195-197 Deacon Street which sold on December 29, 1995 at $35,000.00.
2. Property located at 148-150 Bond Street which sold on October 27, 1995 at $60,500.00.
3. Property located at 1496-1498 Central Avenue which sold on September 19, 1995 at $62,500.00.
4. Property located 396-398 Catherine Street which sold on April 15, 1996 at $62,500.
Ball admitted that his comparables were in "slightly better locations" than the subject property, and, indeed, acknowledged in his report that the proximity to I-95 is a negative for Baldwin Street properties because of the noise of heavy traffic.
The dates of the sales of Ball's comparables as compared to the taking date of April 18, 1996 do not weigh much in the court's findings. Location is a factor which the court must consider. Ball's comparable at 148-150 Bond Street, 1496-1498 Central Avenue and 396-398 Catherine Street are considerably distanced from subject property and in entirely different neighborhoods. Only 195-197 Deacon Street, which sold for $35,000.00 some three and one-half months prior to the date of CT Page 4269 taking is in close proximity.
Interestingly, defendant's appraiser Conway, also used 195-197 Deacon Street as one of his comparables, and after adjusting for the various pertinent items arrived at an adjusted value for subject property in the amount of $36,800.00 Conway also used as a comparable, property located at 69 Fifth Street which sold on June 16, 1995 for $24,900. This property is closer to subject property than any other comparable sales considered by either appraisers. Conway's final comparable sale on December 29, 1995 at 2080 Seaview Avenue, a considerable distance away sold for $27,000. Based on these comparables and what he considered appropriate adjustments for all his comparables, Conway arrived at a fair market value for subject property as of the date of taking in the amount of $35,000.00.
The court has reviewed the various premises and relies mainly on 195-197 Deacon Street, the only common comparable, and, 69 Fifth Street, closest to the subject property. The court's views have not persuaded the court that there is a significant difference by location and condition between the two comparables above relied upon and subject property. As respects location and condition the defendant's appraiser allocated a total plus adjustment of $50,000 for the Deacon Street property. Based on its own view, the court is unpersuaded.
Based on pertinent adjustments plaintiff's appraiser arrived at a fair market value for the subject property in the amount of $69,000 as of the date of taking, April 18, 1996.
Based on its own views and the differences in size (rooms and gross living area), the court finds that as of April 18, 1996, the fair market value of plaintiff's property was $45,000 and damages are found in said amount. Plaintiff's appraiser Philip W. Ball, is allowed the amount of $600 for appraisal fees. Interest at the statutory rate is due to the plaintiff in the amount of $15,000 from the date of taking to the date of payment of judgment.
BELINKIE, JUDGE TRIAL REFEREE